IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

REBECCA A. J.,

                    Plaintiff,

          v.                                          Civil Action No.
                                                      8:23-CV-1579 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

_____

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF

COLLINS & HASSELER, PLLC          LAWRENCE D. HASSELER, ESQ.
225 State Street
Carthage, NY 13619

FOR DEFENDANT

SOCIAL SECURITY ADMIN.            GEOFFREY M. PETERS, ESQ.
OFFICE OF GENERAL COUNSEL
6401 Security Boulevard
Baltimore, MD 21235

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C.

§ 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on November 21, 2024, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1)    Defendant's motion for judgment on the pleadings is GRANTED.

2)    The Commissioner's determination that the plaintiff was not

---

[1]    This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order, once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

disabled at the relevant times, and thus is not entitled to benefits under the

Social Security Act, is AFFIRMED.

     3)    The clerk is respectfully directed to enter judgment, based

upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated:    December 6, 2024
            Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------x
REBECCA ANNE J.,

                    Plaintiff,

vs.                                8:23-CV-1579

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------------------x
```

*DECISION*

held on November 21, 2024

the HONORABLE DAVID E. PEEBLES, Presiding


<u>APPEARANCES</u> (by telephone)

```
For Plaintiff:     COLLINS & HASSELER, PLLC
                   225 State Street
                   Carthage, NY 13619
                     BY:  LAWRENCE D. HASSELER, ESQ.

For Defendant:     SOCIAL SECURITY ADMINISTRATION
                   Office of General Counsel
                   6401 Security Blvd.
                   Baltimore, MD 21235
                     BY:  GEOFFREY M. PETERS, ESQ.
```

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

*Decision - 23-cv-1579 - 11/21/2024*                    2

1          THE COURT:  The first issue I wanted to address

2    before I give you my decision is the question of consent.

3    When this case was initially filed, it was assigned to

4    Magistrate Judge Daniel J. Stewart.  The consent form that

5    was executed on behalf of the plaintiff on December 18, 2023,

6    and filed, that's docket number 4, consented to the

7    jurisdiction of Magistrate Judge Stewart specifically.  The

8    case was since transferred to me.  There was a docket entry

9    that required that any consent be withdrawn within I think

10   seven days.  That was not done but I wanted to confirm.

11         Attorney Hasseler, on behalf of your client, do you

12   consent to my deciding this case with direct appeal to the

13   Second Circuit Court of Appeals as opposed to issuing a

14   report and recommendation to a district judge?

15         MR. HASSELER:  Yes, your Honor, I do.

16         THE COURT:  All right.  Thank you.

17         Plaintiff has commenced this proceeding pursuant to

18   42, United States Code, Section 405(g) to challenge an

19   adverse determination by the Commissioner of Social Security

20   finding that she was not disabled at the relevant times and

21   therefore ineligible for the disability benefits sought.  The

22   background is as follows.

23         Plaintiff was born in January of 1982.  She is

24   currently 42 years of age.  She stands 5-foot 2-inches in

25   height, and has weighed at various times between 162 and

1    176 pounds.

2            Plaintiff is divorced.  She lives in Ogdensburg

3    with her daughter who was 16 years old on December 1, 2022.

4    Prior to November of 2022 she also lived with her mother and

5    her mother's boyfriend.  That's at 1410 of the Administrative

6    Transcript.

7            Plaintiff has a high school education and attended

8    SUNY Canton for two years.  While in school she was in

9    regular classes.  At one point she held a CNA, Certified

10   Nurse's Aid, certificate.  It may have expired.  There is

11   reference that she may also have been a Licensed Practical

12   Nurse.

13           Plaintiff is right-handed.  Plaintiff stopped

14   working in August of 2016.  She was apparently fired either

15   for absences, that's at page 44, or not filling out proper

16   paperwork, that's at 41 of the Administrative Transcript.

17   She was a nursing home assistant, an LPN.  She has also been

18   a retail cashier at a Stewart's and Family Dollar stores.

19           Physically, plaintiff suffers from migraine

20   headaches which she has experienced since age 16.  She also

21   experiences neck pain, or cervical facet arthropathy, back

22   pain, and polyarthralgia.

23           Mentally, she suffers from bipolar disorder and

24   generalized anxiety disorder.  She apparently attempted

25   suicide in 2014 when she overdosed on a drug.  In terms of

1    treatment, plaintiff has seen for physical general purposes

2    Physician's Assistant Gabrielle Bentley.  She also has seen

3    Neurologist Awss Zidan and Physician's Assistant Angela Watts

4    for her headaches at Upstate Medical Center.  Mentally, she

5    sees Dr. Patricia Pielnik every four to six weeks primarily

6    for medication management, I would assume, and Licensed

7    Clinical Social Worker Judith Cohen every two weeks.

8            In terms of activities of daily living, plaintiff

9    is capable of grooming, bathing, dressing.  She does some

10   cleaning.  She rarely shops.  She shops at Walmart when she

11   does.  She does not drive or use public transportation.  She

12   watches television.  She reads.  She can manage money.  She

13   does not do any cooking or laundry.  She walks with her

14   daughter and cares for her daughter.  And that appears at 43

15   to 44, 1412 and 1416 of the Administrative Transcript.

16           Procedurally, plaintiff applied for Title II

17   benefits on December 4, 2020, alleging an onset date of

18   August 26, 2016.  At page 322 her claim of disability is

19   based upon bipolar disorder, social anxiety, general anxiety,

20   depression, low back/lumbar pain with sciatica, neck/cervical

21   pain, migraines, unspecified pain in hands and feet,

22   overweight, and high cholesterol.

23           A hearing was conducted by Administrative Law Judge

24   Bruce Fein on December 1, 2022, to address plaintiff's claims

25   after they were initially denied at the lower level.  On

1  December 15, 2022 Administrative Law Judge Fein issued an

2  adverse determination.  That became a final determination of

3  the Agency on October 31, 2023, when the Social Security

4  Administration Appeals Council denied her application for

5  review.  This action was commenced on December 15, 2023 and

6  is timely.

7       In his decision, ALJ Fein applied the familiar

8  five-step sequential test for determining disability, first

9  noting that plaintiff's last date of insured status was

10  December 31, 2021.

11       At step one, he concluded that plaintiff had not

12  engaged in substantial gainful activity between the onset

13  date and the date of last insured status.

14       At step two, he concluded that plaintiff does

15  suffer from severe medically determinable impairments that

16  impose more than minimal limitations on her ability to

17  perform basic work functions, including migraines with

18  cervicogenic headaches, cervical facet arthropathy, bipolar

19  disorder, generalized anxiety disorder, and polyarthralgia.

20       At step three, he concluded that the plaintiff's

21  conditions do not meet or medically equal any of the listed

22  presumptively disabling conditions set forth in the

23  regulations, specifically considering listings 1.15, 1.16 and

24  11.02, and with respect to the mental impairments 12.04 and

25  12.06.

1      He next concluded based upon the entirety of the

2  record that plaintiff retains the residual functional

3  capacity, or RFC, to perform light work as defined in the

4  regulations, except as follows:

5      She can occasionally climb ropes, ladders, or

6  scaffolds, and frequently climb stairs/ramps, balance, stoop,

7  crouch, crawl, and kneel.  She needed to avoid concentrated

8  exposure to unprotected heights, hazardous machinery, bright

9  and/or flashing lights, noises at loud or higher levels per

10 the DOT/SCO, and pulmonary irritants such as fumes, odors,

11 gases, dust, and poorly ventilated areas.  She could perform

12 work limited to simple, routine, and repetitive tasks.  The

13 plaintiff was limited to work with no production rate or pace

14 work involved.  She could occasionally interact with

15 co-workers, supervisors, and the public.  She could work in a

16 low stress job defined as only occasional decision-making,

17 changes in work setting, and judgment required on the job.

18     Applying that RFC at step four, ALJ Fein noted that

19 the plaintiff cannot perform her past relevant work that was

20 prior to the date of last insured status and proceeded to

21 step five.  With the assistance of testimony from a

22 vocational expert, ALJ Fein noted that the Commissioner bore

23 the burden of proof and found that plaintiff was capable of

24 performing work available in the national economy, not

25 withstanding her limitations as set forth in the RFC, citing

*Decision - 23-cv-1579 - 11/21/2024*                    7

1  as representative positions those of packer, mail room clerk,

2  and plastic hospital products assembler, and therefore,

3  concluded that plaintiff was not disabled at the relevant

4  times.

5        As Attorney Hasseler noted, the Court's function is

6  limited and the standard to be applied is extremely

7  deferential.  I must determine whether substantial evidence

8  supports the resulting determination and correct principles

9  were applied.  The Second Circuit has noted in *Brault versus*

10  *Social Security Administration Commissioner*, 683 F.3d 443,

11  from June 29, 2012, that the standard is deferential, even

12  more so than the clearly erroneous standard that we're all

13  familiar with.

14        The statement made by the Second Circuit concerning

15  that standard is as follows:

16        "The substantial evidence standard means that when

17  an ALJ finds facts, he can only reject those facts only if a

18  reasonable factfinder would have to conclude otherwise."  The

19  standard was more recently reiterated in *Schillo v. Kijakazi*,

20  31 F.4th 64, Second Circuit, April 6, 2022.

21        In this case the plaintiff raises several

22  contentions.  There was an argument made that at step three

23  the ALJ erred in concluding that plaintiff's conditions do

24  not meet or equal the listed mental conditions specifically

25  focusing on the so-called B criteria.  During oral argument

*Decision - 23-cv-1579 - 11/21/2024*                              8

1   plaintiff withdrew that argument after I pointed out that in

2   a brief to the Commissioner the plaintiff had conceded that

3   her conditions do not meet or medically equal the listed

4   impairments.

5          The second argument is the failure to consider

6   plaintiff's medically determinable impairments in

7   combination.  The focus of that argument is on whether or not

8   she would be off task and/or absent to an extent that would

9   make her unemployable.  We confirmed during oral argument

10  that except as pertains to the effect of plaintiff's migraine

11  headaches, she does not challenge the physical component of

12  the RFC, including her ability to perform light work.

13         The third argument is that the Administrative Law

14  Judge improperly evaluated the opinion evidence in the

15  record.  There was also in the main brief some arguments,

16  additional arguments that were not fully developed, including

17  whether or not the subjective complaints of the plaintiff

18  were properly analyzed.  There was also an alleged failure to

19  consider plaintiff's depression at step two, and the Social

20  Security Administration Council's failure to consider new

21  evidence submitted that pertained to the period after the

22  ALJ's decision.

23         The step three argument I will skip because it was

24  withdrawn, although I was otherwise prepared to find that the

25  Commissioner's determination with regard to the B criteria

1   was supported by substantial evidence, and of course there

2   was no argument that plaintiff's conditions could meet or

3   medically equal the C criteria associated with the mental

4   impairments.

5          The residual functional capacity determination is

6   challenged in the next argument.  The claimant's RFC

7   represents a range of tasks that she is capable of performing

8   notwithstanding her impairments, CFR Section 404.1545(a), and

9   that means her ability, her mental ability to perform

10  sustained work activities in an ordinary setting on a

11  regular, continuing basis, meaning eight hours a day for five

12  days a week or an equivalent schedule.  *Tankisi versus*

13  *Commissioner of Social Security*, 521 F.App'x 29 at 33, Second

14  Circuit 2013.  That RFC is informed by consideration of the

15  claimant's physical and medical ability, symptomatology, and

16  other limitations that could interfere with work activities

17  on a regular and continuing basis, as well as all of the

18  relevant medical and other evidence in the record.

19         The mental component of the RFC was explained by

20  the Administrative Law Judge at pages 17 to 18 of his

21  decision.  He relied on opinions given by consultative

22  examiner Dr. Noia, as well as the prior administrative

23  findings of Drs. Sherer and Bruni.  He also relied on

24  treatment notes from treatment providers and plaintiff's

25  activities of daily living.  The opinions of Dr. Noia or

1  Dr. Sherer and Dr. Bruni all show and support substantial

2  evidence or provides substantial evidence to support a

3  determination that plaintiff can perform pursuant to a normal

4  schedule.  *Porteus versus O'Malley*, 2024 2180203, Second

5  Circuit 2024.

6        The determination of Dr. Noia is that plaintiff

7  suffers from only a mild limitation sustaining an ordinary

8  routine and regular attendance at work.  That's at 1412.  The

9  finding of Dr. Sherer, at page 144, is that plaintiff's

10 ability to perform activities within a schedule, maintain

11 regular attendance, and be punctual within customary

12 tolerances is, quote, "not significantly limited."  Dr. Bruni

13 in his prior administrative medical finding found similarly

14 at page 171.

15        I agree that plaintiff cites treatment notes that

16 show subjective complaints that could be viewed otherwise,

17 but they do not necessarily dictate a contrary result, unless

18 there is not substantial evidence to support the

19 Commissioner's determination.  In the end it is for the

20 Administrative Law Judge to weigh conflicting evidence and,

21 of course, the crux is whether the resulting determination is

22 supported by substantial evidence.  The duty of the

23 Administrative Law Judge, and not the Court, to weigh the

24 conflicting medical evidence is well established under *Veino*

25 *v. Barnhart*, 312 F.3d 578, Second Circuit 2002.

*Decision - 23-cv-1579 - 11/21/2024*

11

1        The real crux here is the evaluation of plaintiff's

2   migraine headaches.  Clearly they were considered by the

3   Administrative Law Judge and discussed at pages 16 and 17 of

4   the Administrative Transcript.  The ALJ noted, as the

5   Commissioner has argued, the significant improvement in the

6   migraine headaches with treatment.  Plaintiff testified that

7   she was experiencing them approximately one time per week and

8   there were no emergency room visits as a result of the

9   migraines.  The treatment resulting in improvement is

10  consistent with treatment notes, including at 1247, 1244,

11  1757 of the Administrative Transcript.

12        There are many, many notes and I've reviewed

13  carefully the notes, particularly of plaintiff's neurologist,

14  and there are many, many references to no apparent distress.

15  And also Dr. Lorensen at page 14 to 16 noted that plaintiff

16  did not appear to be in acute distress.  Drs. Angelotti and

17  Perrotti, who also rendered prior administrative medical

18  findings, opined that plaintiff can perform light work with

19  limitations to minimize the effect of migraines which were

20  included in the RFC that I read earlier.  Those prior

21  administrative findings can provide substantial evidence,

22  notwithstanding that they did not examine the plaintiff.

23  *Valdes-Ocasio v. Kijakazi*, 2023 WL 3573761, from May 22,

24  2023.  From the Second Circuit Court of Appeals in *Woytowicz*

25  *v. Commissioner of Social Security*, 2016 WL 6427787, from the

1   Northern District of New York, October 5, 2016.  That was a

2   report and recommendation that was adopted at 2016 WL

3   6426385, Northern District of New York, February 28, 2016.

4           So I believe that the migraine headaches were

5   properly considered and were the subject of proper

6   limitations set forth in the RFC as described in the prior

7   medical findings.

8           The next argument concerns the evaluation of the

9   medical opinions of record.  Because this case was -- the

10  application in this case was filed after March 27, 2017, the

11  case was subject to the amended regulations regarding the

12  consideration of opinion evidence.  Under those regulations

13  the Commissioner will not defer or give any specific

14  evidentiary weight, including controlling weight, to any

15  medical opinions, including those from medical sources, but

16  instead will consider whether those opinions are persuasive

17  by primarily considering whether they are supported by and

18  consistent with the record in the case.  20 CFR Section

19  404.1520c.  The ALJ must articulate how persuasive he finds

20  all of the medical opinions and explain how he considered the

21  supportability and consistency of those opinions.

22          There are other factors also that may be considered

23  as set out in the regulation, although they're not required

24  to be discussed specifically.  In this case again there are

25  conflicting opinions concerning plaintiff's mental status.

*Decision - 23-cv-1579 - 11/21/2024*                                   13

1    There is an opinion from Dr. Y. Sherer, it is from May 17,

2    2021, it's a prior administrative medical finding.  It

3    appears at 129 to 150 of the Administrative Transcript.  A

4    similar opinion, prior administration finding I should say,

5    Dr. T. Bruni, January 4, 2022, it's 152 to 178 of the

6    Administrative Transcript, does support the RFC in this case.

7            And as I said previously, prior administrative

8    medical findings with agency consultants are entitled to

9    strong consideration and can provide substantial evidence if

10   they are supported.  The Administrative Law Judge discussed

11   those prior administrative findings at 19 to 20, and

12   explained his reasoning for finding the opinions to be

13   persuasive, and I conclude that he did properly consider

14   those elements of supportability and consistency, and

15   although the explanation is somewhat sparse, it does meet the

16   requirements of the regulations.

17           There is also an opinion from Dr. Dennis Noia, and

18   that is from April 28, 2021.  It's based upon an examination

19   of the plaintiff.  It appears at 1410 to 1413 of the

20   Administrative Transcript.  It supports the residual

21   functional capacity.

22           In his medical source statement, Dr. Noia found

23   primarily mild limitations.  He did find moderate limitation

24   regulating emotions, controlling behavior, or maintaining

25   well-being, but that does not undermine the RFC in this case.

*Decision - 23-cv-1579 - 11/21/2024*                    14

1   I find no error in concluding at page 19, as the

2   Administrative Law Judge did, that the opinion of Dr. Noia is

3   persuasive.

4            There is also an opinion from Physician's Assistant

5   Angela Watts from April 18, 2022, at 1476 to 1479.  Clearly

6   it is contrary to the opinions that I cited a moment ago,

7   it's clearly disabling, and opines that plaintiff would be

8   precluded generally from performing even basic work

9   activities and need a break from the workplace, and she would

10  need a break two or three times a week unscheduled, and she

11  would be off task 25 percent or more, and absent more than

12  four days per month, clearly disabling.

13           The Administrative Law Judge rejected this opinion

14  as outside of the relevant period because it was given on

15  April 18, 2022, four months after -- three and a half months

16  after the date of last insured status, and found that it is

17  not supported by treatment notes, and, thirdly, inconsistent

18  with the record including other opinions and repeated notes

19  of no distress.  Interestingly, in the opinion the

20  physician's assistant states that she hasn't seen the

21  plaintiff since August of 2019, yet it looked like they only

22  met on October 22, 2021 and in April of 2022.  I find no

23  error in rejecting that opinion.

24           The difference between that is in Dr. Perrotti's

25  opinion, which was also after the relevant period,

1  Dr. Perrotti clearly considered plaintiff's condition as it

2  relates to the relevant period.  That is clear from 152 of

3  the Administrative Transcript.

4          There is also an opinion of Licensed Clinical

5  Social Worker Judith Cohen from September 1, 2021.  That's at

6  1453 to 1455.  It is again clearly disabling.  The

7  Administrative Law Judge considered it at page 20 and found

8  it not to be persuasive and found that it is not supported by

9  treatment notes, which I agree with, which document a few

10  clinical findings, and inconsistent with plaintiff's other

11  findings and activities as noted above.  Again, I believe

12  that that's a proper explanation.

13          There is an opinion from Dr. Patricia Pielnik.

14  It's dated April 22, 2022.  It appears at 1480 to 1482 of the

15  Administrative Transcript.  Again, clearly disabling.  The

16  Administrative Law Judge considered at page 20 and found it

17  not to be disabling, not to be persuasive.  Again, the

18  explanation is sparse but I believe, especially after a

19  searching review of the entire record, that the requirements

20  of the new regulations concerning medical opinions is not

21  reached.  He found the opinion not to be persuasive because

22  it is not supported by her treatment notes.  Again, I agree

23  with that after reviewing them, which document physical

24  findings, and inconsistent with claimant's other findings and

25  activities noted above.

1       So, in sum, I believe that the plaintiff is seeking

2   for the Court to weigh the conflicting evidence in a case

3   which as indicated under *Veino* is not a permissible function

4   of the Court.  The fact that three sources agree with the

5   plaintiff is not sufficient to compel deference.  *Tamara M.*

6   *versus Saul*, 2021 WL 1198359, Northern District of New York,

7   from March 30, 2021.

8       The plaintiff has also raised a concern regarding

9   dealing with the handling of plaintiff's subjective

10  complaints.  Obviously an Administrative Law Judge must take

11  into account the plaintiff's subjective complaints when

12  rendering the five-step disability analysis, 21 CFR Section

13  404.1529(a).  The Administrative Law Judge, however, is not

14  required to blindly accept the subjective testimony, but

15  instead must proceed to a two-step analysis.

16      First, assessing whether the claimant's medically

17  determinable impairments could reasonably be expected to

18  produce the alleged symptoms, which the Administrative Law

19  Judge concluded yes in this case.

20      And secondly, must then evaluate both the intensity

21  and persistence of those symptoms and the extent to which

22  they limit the claimant's ability to perform work-related

23  activities.  Social Security Ruling 16-3p.  Notably, the

24  ALJ's assessment of subjective reports are considered and

25  entitled to considerable deference by a reviewing court.

1  *Shari L. v. Kijakazi*, 2022 WL 561563, Northern District of

2  New York, February 24, 2022.  And *Aponte versus Secretary of*

3  *Department of Health and Human Services of the United States*,

4  728 F.2d 588, Second Circuit, 584.

5          In this case when read as a whole, I believe the

6  Administrative Law Judge properly explained his reasoning in

7  not finding that the symptoms that were testified to by the

8  plaintiff were as severe as stated.  There were nonparty

9  statements that were considered in making this decision, as

10  stated at page 16 of the Administrative Transcript.  The

11  Administrative Law Judge considered the medical opinions of

12  record, the treatment records, plaintiff's activities of

13  daily living.  I find no error in the assessment of those

14  claims.

15          In terms of depression, there was an argument made

16  that depression should have been considered as an impairment.

17  At step two, it was plaintiff's burden to establish that the

18  condition imposed significant limitations on her ability to

19  perform basic work activities.  Noteworthy is that

20  Dr. Sherer, page 137, Dr. Noia at 1413, did not diagnosis

21  plaintiff as suffering from depression.  But in any event, if

22  it was error, it was harmless because he went on to step

23  three and specifically stated that he considered all of

24  plaintiff's impairments even though it was found not to be

25  severe.  That's at page 14.

1          The last argument relates to new evidence.  There

2    was evidence presented both to the Social Security

3    Administration Appeals Council that was from Rochester

4    Regional Health dated February 7, 2023 to March 23, 2023.  It

5    was rejected at page 2 of the Administrative Transcript based

6    upon the finding that it did not relate to the period at

7    issue, and therefore, did not affect the decision about

8    disability prior to beginning on or about December 15, 2022.

9          The Social Security regulations are specially

10   authorized to submit material evidence to Appeals Council

11   when requesting review.  20 CFR Section 404.970(b).  In order

12   to merit review, however, additional evidence must be new,

13   material, and related to the period on or before the date of

14   the hearing decision, and must also present a reasonable

15   probability that such additional evidence would change the

16   outcome of the decision.  20 CFR Section 404.970(a)(5).

17         In this case I agree that the evidence does not

18   relate to the period at issue, or, in any event, plaintiff

19   failed to elaborate why that determination was erroneous, and

20   more specifically failed to show how it would have provided a

21   reasonable -- presented a reasonable probability that the

22   additional evidence would have changed the outcome of the

23   decision.  I have reviewed it.  It was largely repetitive of

24   the evidence that was in the record at the time of the

25   decision and does not reveal anything in my view that would

1    alter the equation to a significant degree.

2         So, in sum, I believe that the Administrative Law

3    Judge's decision permits meaningful judicial review, correct

4    legal principles were applied, resulting in a determination

5    supported by substantial evidence.  I will grant judgment on

6    the pleadings to the defendant and order dismissal of

7    plaintiff's complaint.

8         Thank you both.  I hope you have a good afternoon

9    and a happy Thanksgiving.

10        MR. HASSELER:  Thank you, your Honor.

11        MR. PETERS:  Thank you, your Honor.

12                 *              *              *

13

14

15

16

17

18

19

20

21

22

23

24

25

*Decision - 23-cv-1579 - 11/21/2024*                                    20

1

2                        C E R T I F I C A T I O N

3

4             I, EILEEN MCDONOUGH, RPR, CRR, Federal Official

5    Realtime Court Reporter, in and for the United States

6    District Court for the Northern District of New York,

7    do hereby certify that pursuant to Section 753, Title 28,

8    United States Code, that the foregoing is a true and correct

9    transcript of the stenographically reported proceedings held

10   in the above-entitled matter and that the transcript page

11   format is in conformance with the regulations of the

12   Judicial Conference of the United States.

13

14

15
                                 *Eileen McDonough*
16                       _____

17                       EILEEN MCDONOUGH, RPR, CRR
                         Federal Official Court Reporter
18

19

20

21

22

23

24

25